**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3198
_____

ROBY SANGER,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-152-835)
Immigration Judge:  Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012

Before:  RENDELL, VANASKIE and GARTH, Circuit Judges

(Opinion filed: May 17, 2012)
_____

OPINION
_____

PER CURIAM

    Roby Sanger, a citizen of Indonesia, was admitted to the United States in 1995 as

a visitor with authorization to stay for six months.  Sanger overstayed the allotted time

and, as a result, was charged as removable under INA § 237(a)(1)(B).

Prior to that charge, Sanger had applied for asylum based on a fear of persecution on account of his Christian religious beliefs. Sanger alleged in his counseled asylum application that in Indonesia he was once beaten up after church services and that "radical Muslims are threatening to kill Christians if we do not convert." A.R. at 392.

At a 2005 merits hearing, Sanger provided conflicting testimony about the reasons underlying his immigration to the United States and his decision to remain. After hearing that testimony, the immigration judge ("IJ") denied Sanger's application for relief and ordered that he be removed to Indonesia. The IJ determined that the request for asylum was untimely, and that Sanger's explanations for the belatedness were "incredible." A.R. at 257. The IJ stated that "[t]he additional credibility problems in this case are profound and widespread." A.R. at 257.

Sanger retained new counsel, who raised three claims on appeal: (1) ineffective assistance of counsel; (2) denial of due process; and (3) failure to grant a continuance. In a December 4, 2006 decision, which addressed only claim (1), the Board of Immigration Appeals ("BIA") dismissed Sanger's appeal. The BIA determined that trial counsel's alleged mishandling of the merits hearing was not prejudicial. Sanger's *pro se* motion for reconsideration was denied.

Years later, Sanger filed a motion to reopen removal proceedings based on changed country conditions. See 8 C.F.R. § 1003.2(c)(3)(ii). He claimed that "[s]ince

2

the [BIA] dismissed [his] appeal, there has been a substantial increase in the persecution of Christians by Muslim fundamentalists in Indonesia." A.R. at 17. Sanger appended to his motion State Department reports from 2009 and 2010, a Human Rights Watch report from 2011, and a handful of news articles. In addition, Sanger contended that the IJ's adverse credibility determination "was the result of the ineffective assistance of counsel." A.R. at 29.

The BIA denied Sanger's motion to reopen. It observed that Sanger "submitted reports prepared by the United States Department of State, an international human rights group, and news articles." A.R. at 2. Regarding the evidence, the BIA determined that, "while [it] indicates some problems for Christians in Indonesia, it is generalized and does not establish this respondent's *prima facie* eligibility for relief from removal." A.R. at 2. And regarding Sanger's attempt to re-raise his ineffective assistance claim, the BIA noted that "[t]his claim was fully considered and rejected in our [previous] decision . . . ." A.R. at 2. Finally, the BIA declined to reopen *sua sponte*. This petition for review followed.[1]

Sanger purports to raise two separate claims for our review: the BIA's decision is so cursory that it constitutes (1) an abuse of discretion, and (2) a violation of Sanger's

---

[1] We have jurisdiction under 8 U.S.C. § 1252. Kucana v. Holder, --- U.S. ---, 130 S. Ct. 827, 840 (2010).

constitutional due process rights.  The Government appropriately characterizes the two claims as effectively one and the same.[2]

The petition for review will be denied.  While Sanger takes issue with the depth of treatment given to his motion to reopen, the content of the BIA's decision is both responsive to the motion and sufficient for this Court to conduct meaningful review. Sanger unpersuasively relies on Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), to advance a contrary conclusion.

In Zheng, we recognized that the BIA has "a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim,' and '[a] similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.'"  Id. at 268 (citation omitted).  We granted Zheng's petition for review because the BIA "did little more than quote passages from [an] earlier decision . . . without identifying - let alone discussing - the various statements contained in the record before it that Zheng submitted in support of his motion to reopen."  Id.  Yet we made clear that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner . . . ."  Id. (citation

---

[2] We review for abuse of discretion the BIA's denial of a motion to reopen.  See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).  "We give the BIA's decision broad deference and generally do not disturb it unless it is 'arbitrary, irrational, or contrary to law.'"  Id. (citation omitted).  Constitutional claims, however, are reviewed *de novo*.  See Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011).

omitted).  Rather, the BIA is only required to "actually consider the evidence and argument that a party presents."  Id. at 266.  (citation omitted).

Here, the BIA identified the evidence submitted by Sanger in support of his motion to reopen, summarized that evidence, determined that none of the evidence referenced Sanger specifically, and concluded that the evidence was insufficient to show *prima facie* eligibility for asylum relief.[3]  The BIA did not run afoul of Zheng.[4] See also Kamara v. Att'y Gen., 420 F.3d 202, 212 (3d Cir. 2005) ("[A]n agency need only set forth the basis of its administrative action with such clarity as to be understandable; it need not provide a detailed statement of its reasoning and conclusions.") (internal quotation marks omitted).

Relatedly, we conclude that Sanger's due process rights were not compromised during reopening.  We find it telling that Sanger's brief devotes only one sentence to describing how the alleged due process violation adversely altered the course of his motion to reopen.  Thus, we have little trouble concluding that Sanger has not made "an

---

[3] The BIA's decision is arguably not as thorough as the one at issue in Liu v. Attorney General, 555 F.3d 145 (3d Cir. 2009), which provided an example of "the type of findings that are sufficient under Zheng." Id. at 149.  But the BIA's decision in Liu was, again, only an example of what is "sufficient," not of what is required.

[4]  Sanger's reliance on Gebreeyesus v. Gonzales, 482 F.3d 952 (7th Cir. 2007), is also misplaced.  In that case, the petition for review was granted because, *inter alia*, "the BIA gave no reasoned explanation for its finding that [the alien] had not provided evidence of changed country conditions." Id. at 955.  Here, by contrast, the BIA's consideration of, and reasons for rejecting, Sanger's motion are readily apparent from the written decision.

5

initial showing of substantial prejudice," <u>Leslie v. Attorney General</u>, 611 F.3d 171, 175 (3d Cir. 2010) (citation and internal quotations omitted), which is generally required to maintain a due process claim.

For the reasons given in this opinion, we will deny Sanger's petition for review.